# Third District Court of Appeal

## State of Florida

Opinion filed July 30, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-2348
Lower Tribunal No. 25-6030-FC-04
_____


**Timo Scheider,**
Appellant,

vs.

**Jessica Laura Hinterseer-Scheider,**
Appellee.


An Appeal from non-final orders from the Circuit Court for Miami-Dade County, Victoria Del Pino, Judge.

Timo Scheider, in proper person.

Jessica Laura Hinterseer-Scheider, in proper person.


Before, LOGUE, MILLER, and GORDO, JJ.

PER CURIAM.

Affirmed.  See Fla. Stat. § 61.021 ("To obtain a dissolution of marriage, one of the parties to the marriage must reside 6 months in the state before the filing of the petition.");  Nicolas v. Nicolas, 444 So. 2d 1118, 1120 (Fla. 3d DCA 1984) ("A legal resident or domiciliary, then, for purposes of bringing a marriage dissolution action in Florida under the above statute, is one who lives at a place (in Florida) with no present intention of removing therefrom…. A person may, however, be a legal resident of Florida within the meaning of the above statute without being an American citizen, as it is legal residence, not citizenship, which is made a statutory prerequisite for bringing a marriage dissolution action in this state." (internal citation omitted));  Fla. Stat. § 48.031(1)(a) ("Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper[.]");  Wolfson v. Wolfson, 455 So. 2d 577, 578 (Fla. 4th DCA 1984) (finding service proper where the husband "who has never resided in Florida, came to visit the child, [where] he was served with summons and complaint in a marriage dissolution suit…. Still alive and well is the traditional principle that proper service on a person found within the territory of the state effects in personam jurisdiction when the person is present voluntarily, not because of fraud or trick, and not to appear in court on an unrelated matter");  Pota v. Holtz, 852 So. 2d 379, 381 (Fla. 3d DCA

2003) ("Florida courts have personal jurisdiction over nonresidents when that nonresident is properly served with service of process while voluntarily present in the state[.]" (internal citation omitted)); Poultry & Indus. Suppliers, Inc. v. Incubacol, S.A.S., 313 So. 3d 719, 722 (Fla. 3d DCA 2020) ("The first step a trial court must take in assessing whether to dismiss claims on the basis of forum non conveniens is to ascertain whether there is another adequate forum available to hear the case. An alternative forum is 'available' when that forum can assert jurisdiction over the litigation sought to be transferred…. [here] the trial court properly concluded that [the foreign forum] is not an adequate and available forum for this litigation, and thus properly denied the motion to dismiss the Florida litigation in favor of that alternative forum." (internal citations omitted)); Markofsky v. Markofsky, 384 So. 2d 38, 39 (Fla. 3d DCA 1980) (declining to dismiss a Florida action in favor of a foreign one when "the parties and the parties' minor children are, and have been for a considerable time, residents of Florida"); De La Riva v. Soto, 183 F. Supp. 3d 1182, 1186 (M.D. Fla. 2016) ("First, to establish that a 'retention' has occurred [under Article 16 of the Hague Convention], the petitioner must show that the child has been kept outside his or her country of 'habitual residence.'"); In re Ahumada Cabrera, 323 F. Supp. 2d 1303, 1310–11 (S.D. Fla. 2004) ("Furthermore, courts have defined habitual

3

residence as the place where [the child] has been physically present for an amount of time sufficient for acclimatization and which has a degree of settled purpose from the child's perspective." (internal citation omitted)).